UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME OSHANE MATT, (A 219-316-279<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-05616-DC-CKD<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner, a citizen of Jamaica, lawfully entered the United States on April 27, 2026 with a B-2 visa and remained in the U.S. longer than permitted. ECF No. 12 at 7, 8. He is married to a U.S. citizen who filed an I-130 Petition for Alien Relative on his behalf. Id. at 8. The I-130 is pending. Id. Petitioner's criminal history includes the following: a 2022 arrest for battery, which was dismissed (ECF No. 12 at 28-29); a 2022 conviction for careless driving (Id. at 30-37); a 2024 arrest for failing to provide insurance coverage, which was dismissed (Id. at 16-18); and a 2025 arrest for carrying a concealed weapon without a permit, driving under the influence ("DUI"), and drawing a deadly weapon in a threatening manner, which resulted in a conviction

for the latter two charges. ECF No. 12 at 19-26. [1]

On March 12, 2026, upon Petitioner's entry of a guilty plea in criminal court, U.S. Immigration and Customs Enforcement ("ICE") officials detained Petitioner and initiated removal proceedings against him. ECF No. 12 at 7-14. On April 6, 2026, Petitioner received a custody redetermination hearing ("bond hearing") in which an immigration judge ("IJ") denied bond and conditional release, finding Petitioner to be a danger to the community due to his criminal history. ECF No. 12 at 47-50. On August 21, 2026, an IJ ordered Petitioner removed. ECF No. 12 at 56-57. Petitioner appealed both IJ decisions to the Board of Immigration Appeals ("BIA"), and both appeals remain pending. ECF No. 12 at 52; see also EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation.

Petitioner filed a pro se petition for writ of habeas corpus on July 20, 2026. ECF No. 1. After appointment of counsel, Petitioner submitted an amended petition claiming that his detention violates his rights under the Court's judgment in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 20, 2025); Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861(C.D. Cal. Nov. 20, 2025) ("Maldonado Bautista") and that prolonged detention where removal is not reasonably foreseeable violates his Fifth Amendment due process rights. ECF No. 10. Respondent replied that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which provides adequate procedures, including a bond hearing which Petitioner has received. ECF No. 12. Petitioner's traverse then challenged the adequacy of the bond hearing, arguing that the IJ relied on inaccurate information in determining that Petitioner poses a danger to society, and that the hearing was inadequate to address the circumstances of Petitioner's present detention. ECF No. 13.

## II. Legal Standards

### A. Constitutional Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every

[1] Respondent's form I-213 alleges a 2020 arrest for DUI which resulted in a conviction for reckless driving. ECF No. 12 at 8 . However, this alleged incident does not appear in any of the criminal records Respondent submitted. See Id. at 16-45.

individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted). An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**B. Statutory Immigration Framework**

The parties agree that 8 U.S.C. § 1226(a) governs Petitioner's detention. Section 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. See 8 C.F.R. § 236.1(c)(8). After this initial custody determination, the noncitizen may request a bond redetermination by an IJ. 8 C.F.R. § 236.1(d)(1). For each subsequent bond redetermination, the noncitizen's request may be considered "only upon a showing that the [noncitizen]'s circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The IJ's bond decision is appealable to the Board of Immigration Appeals ("BIA") pursuant to 8 C.F.R. § 1003.19(f).

**III. Analysis**

**A. Claims in First Amended Petition**

Because Petitioner has been admitted to the U.S., is lawfully detained pursuant to § 1226(a), and was afforded a bond hearing, Maldonado Bautista does not apply. See Maldonado Bautista, 2025 WL 3288403, at *9, certifying a bond eligible class consisting of non-citizens who

have entered or will enter the U.S. without inspection; see also Maldonado Bautista, 2025 WL 3289861, granting partial relief to class members who have been denied bond hearings due to the government's position that non-citizens who initially entered the U.S. without inspection are applicants for admission and therefore subject to mandatory detention pursuant to § 1225(b)(2).

Petitioner's remaining claims in the first amended petition rely on an assumption that Petitioner's detention is now governed by § 1231. The parties do not dispute that § 1226(a), rather than § 1231, governs Petitioner's detention. Petitioner is not subject to a final order of removal; his appeal of the removal order is still pending before the BIA. For these reasons, the claims in Petitioner's first amended petition lack merit.

**B. Claims Raised in Petitioner's Traverse**

In his traverse, Petitioner challenges the legal sufficiency of his detention when the bond hearing occurred near the outset of detention and rested partly on what Petitioner characterizes as a materially inaccurate description of the record. The Ninth Circuit has found that § 1226(a) offers constitutionally sufficient procedural safeguards. Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022) ("Rodriguez Diaz"). Rodriguez Diaz did not, however, foreclose as-applied challenges to § 1226(a) detention. Rodriguez Diaz, 53 F. 4th at 1213. Petitioner makes an as-applied challenge to his detention, claiming that the April 2026 bond hearing was inadequate process for his current detention due to a combination of prolonged confinement, the age of the bond hearing, intervening procedural developments, and the bond decision's reliance on "materially inaccurate or outdated description of his criminal record." ECF No. 13 at 5.

Petitioner has not demonstrated that § 1226(a)'s procedural protections provide inadequate protections as applied to him. Should any procedural developments in Petitioner's case constitute materially changed circumstances, Petitioner may request an additional bond hearing. 8 C.F.R. § 1003.19(e).

Petitioner's challenges to the IJ's custody determination can be addressed by the BIA. 8 C.F.R. § 1003.19(f). Because Petitioner's appeal to the BIA remains pending, Petitioner has not yet exhausted his administrative remedies.[2]

[2] Courts may require exhaustion as a prudential matter where, as here, "(1) agency expertise makes agency

Assuming, arguendo, that the Court waives the exhaustion requirement, it reviews the IJ's custody determination for abuse of discretion. In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." Id. (citation and quotations omitted). A district court's review of an IJ's determination is "limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

The Court acknowledges that the IJ may have mischaracterized or misunderstood portions of Petitioner's criminal history. The IJ mentions a 2020 DUI conviction, but the I-213 states that the actual conviction was for reckless driving.[3] Compare ECF No. 12 at 8, with Id. at 49-50. The IJ stated that the 2022 careless driving conviction began as an arrest for DUI, but the record before this court does not indicate an initial DUI charge (though the sentence does address Petitioner's alcohol use). Compare Id. at 30-45, with Id. at 49-50. Finally, the IJ initially characterizes the 2025 charges as pending and incorrectly states that Petitioner was charged with discharging (rather than drawing) a weapon in public and possessing a weapon while under the influence (rather than without a permit). Compare Id. at 19-26 with Id. at 49-50. However, the IJ later correctly notes that Petitioner was convicted of DUI and drawing a deadly weapon in a threatening manner. Id. The IJ's understanding of the underlying facts of that conviction rely on

consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

[3] The record before this court lacks additional documentation of this alleged arrest and conviction beyond the I-213, but IJs may rely on information contained in an I-213 as presumptively reliable. Espinoza v. INS, 45 F.3d 308, 310–11 (9th Cir. 1995); Matter of Barcenas, 19 I&N Dec. 609, 611 (BIA 1988).

a police report which is neither in this court's record nor disputed by the Petitioner. See Id. at 49-50. The IJ concluded that Petitioner "has demonstrated a pattern of alcohol related behavior leading to criminal arrests over the years" and noted that "[d]riving under the influence is a significant adverse consideration in bond proceedings." Id. at 50 (citing Matter of Siniauskas, 27 I. & N. Dec. 207-209 (BIA 2018)). Despite some minor mischaracterizations of Petitioner's criminal record, the IJ's conclusions regarding Petitioner's alcohol-related criminal history do appear to be adequately supported by the record and not an abuse of the IJ's discretion.

**IV. Recommendation**

The undersigned finds that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and has been provided due process. Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's application for a writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 matt5616.imm.fnr